**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

          v.                 CASE NO. 1:24-CR-38-HAB-ALT

SAUL MARTINEZ CONTRERAS,

      Defendant.

## OPINION AND ORDER

This matter comes before the Court on the Government's Motion to Continue Pretrial Motion Cutoff Date, Plea Agreement Deadline, Final Pretrial Conference, and Jury Trial filed on February 3, 2026. (ECF No. 66). The four (4) day jury trial in this matter is currently scheduled to begin on March 2, 2026, and a final pretrial conference is set for February 17, 2026. The Government requests a continuance of the trial-related dates to accommodate a delay in the processing of an expert fingerprint examination. According to the Government, the Federal Bureau of Investigation (FBI) sent packaging that was previously wrapped around the recovered drugs in this case to the Latent Print Operations Unit in Quantico, Virginia, for an expert fingerprint examination. The package was received at the FBI on January 15, 2026, and by January 29, 2026, the FBI Laboratory informed the government that the fingerprint examination had been completed, but that it generally takes thirty days to produce the report. The Government also noted that it has sent physical evidence to the Indiana State Police Laboratory for forensic testing, but the Laboratory indicated they could not conduct the forensic examination before the February 17, 2026 expert disclosure deadline. Between filing the instant motion and a February 5, 2026 telephonic

status conference on this matter, the Government received some, but not all, of the reports, but the Government continues to need additional time to review the reports and complete additional testing. During the February 5, 2026 status conference, Defense counsel indicated there was no objection to the Government's Motion.

The Speedy Trial Act requires that, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Government's need for time to procure and review fingerprint and forensic evidence that could definitively establish the Defendant's guilt or innocence is a valid reason for a continuance and for excluding any delay from the Speedy Trial calculation. *See United States v. Villareal*, 707 F.3d 942 (8th Cir. 2013) (state lab's delay in testing evidence not indicative of lack of government diligence and justified ends of justice finding of the district court).

Having reviewed the Government's motion, the absence of defense objection, and the applicable law, the Court finds that the Government has capably established a basis for a continuance. The Court finds that the ends of justice served by granting this Motion outweigh the public's and the Defendant's interests in a speedy trial, particularly because a failure to grant such a continuance would deny the Government the ability to present fingerprint and forensic evidence. 18 U.S.C. §§ 3161(h)(7)(A).

The Court, being duly advised, GRANTS the Government's Motion to Continue. (ECF No. 66). All trial-related deadlines and hearing dates are VACATED. The final pretrial conference is RESET to March 31, 2026 at 2:00 PM before Chief Judge Holly A. Brady. Counsel only to appear.

The four (4) day jury trial is RESET to begin April 13, 2026 at 10:00 AM before Chief Judge Holly A. Brady. Any reports required under FRCP 16(a)(1)(G) must be exchanged on or before March 31, 2026. The deadline for parties to file a plea agreement is March 24, 2026. The deadline to file a plea without a plea agreement is March 17, 2026. The deadline for parties to file pretrial motions or a motion to continue trial-related deadlines is March 17, 2026. Any new motion to continue this trial must include the appropriate reference to the Speedy Trial Act, the proposed length of any requested continuance, the position of the Government, an indication of agreement by the Defendant and the position of Co-Defendants, if any.

The period of delay resulting from this continuance is to be excluded under the terms of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A).

**SO ORDERED** this 6th day of February 2026.


s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT